**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michel Schmitt, | No. CV-18-02579-PHX-SMB |
|         Plaintiff, | **ORDER** |
| v. | |
| Joseph Marto, | |
|         Defendant. | |

Before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 26). The Court has read the Motion, the Response (Doc. 33), and Reply (Doc. 35).

## I.    Background

This case arises out of an automobile accident in Surprise, Arizona on April 7, 2014. Plaintiff is a New York resident and Defendant is an Arizona resident. Plaintiff initially filed a lawsuit in the United States District Court for the Western District of New York on February 21, 2017. Defendant filed a Motion to Dismiss for lack of personal jurisdiction and improper venue. The Court agreed that it did not have jurisdiction over the Defendant and transferred the case to the District of Arizona. Defendant has filed the current motion and seeks dismissal because Arizona has a two-year statute of limitations on personal injury claims.

## II.    Analysis

In response to the instant motion, Plaintiff does not even address the Arizona statute of limitations or the cases stating that the law of the transferee state should apply. Instead,

Plaintiff argues that Defendant waived the statute of limitations defense by not raising it in the initial Rule 12(b) motion seeking dismissal for lack of jurisdiction. (Doc. 33 at 3–4). Plaintiff relies on quotes from *Arizona v. California*, 530 U.S. 392 (2000), for the general proposition that a statutory time limitation defense may be forfeited, if not waived. Plaintiff also cites to Rule 12(g)(2), which says that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Defendant correctly points out that Rule 12(g)(2) has an exception for failure to state a claim motions under Rule 12(b)(6). A failure to state a claim argument is not waived if it is asserted at some point before the conclusion of trial. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006). Defendant's Motion for Judgment on the Pleadings was filed three business days after the Answer and is timely.

As to the merits of the motion, Plaintiff did not address the arguments and thereby concedes them. "In diversity cases, the district court normally applies the substantive law of the forum state, including its choice of law rules." *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983) (citing *Klazon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). In cases that are transferred to another District to cure a lack of personal jurisdiction, the law of the transferee state should apply. *Id.* This case was transferred to Arizona because New York did not have personal jurisdiction over the Defendant.

In Arizona, the statute of limitations for personal injury actions is two years. A.R.S. §12-542(1). This case was filed in February 2017—34 months after the accident—and is barred by the statute of limitations.

### III. Attorney Fees

Defendant seeks an award of attorney fees pursuant to A.R.S. §12-349. Pursuant to that statute, the Court may assess reasonable attorney fees and expenses if the attorney or party brings or defends a claim without substantial justification. Defendant argues that there was no substantial justification for continuing on with this case once it was transferred to Arizona because the law was clear that Arizona's statute of limitations would apply.

Plaintiff and/or counsel apparently knew that the statute of limitations prohibited this case because their Response to the Motion for Judgment on the Pleadings did not even attempt to challenge that argument. The Court will grant reasonable attorney fees related to the filing of the Motion for Judgment on the Pleadings.

**IV.    Conclusion**

For the reasons stated above:

**IT IS ORDERED** granting Defendant's Motion for Judgment on the Pleadings and dismissing this case.

**IT IS FURTHER ORDERED** that defense counsel may submit the required affidavit of attorney fees and a proposed order no later than March 15, 2019. The fee affidavit should relate only to the filing of this motion. Any objection may be filed no later than March 22, 2019.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Protective Order F.R.C.P. Rules 26(c)(1)(3), and 30(b)(3)(A) (Doc. 43) is deemed moot.

**IT IS FURTHER ORDERED** directing the Clerk to terminate this case.

Dated this 6th day of March, 2019.

Honorable Susan M. Brnovich
United States District Judge